IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LOWELL DEWBERRY,** ) | |
| **TARA DEWBERRY,** ) | |
|        **Plaintiffs,** ) | |
| ) | |
| v. ) | No. CIV-24-172-R |
| ) | |
| **TRAVELERS PERSONAL INSURANCE** ) | |
| **COMPANY, a foreign for-profit insurance** ) | |
| **Corporation,** ) | |
|        **Defendant.** ) | |

## **ORDER**

Before the Court is Defendant Travelers Personal Insurance Company's Motion to Dismiss [Doc. No. 9] seeking dismissal of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). The matter is fully briefed [Doc. Nos. 11, 12] and at issue.

Plaintiffs bring this action to recover actual and punitive damages for breach of contract and breach of the duty of good faith based on allegations that Travelers improperly denied an insurance claim for damage to Plaintiffs' roof. In support of these claims, the Complaint alleges that Plaintiffs owned a home that was insured under an insurance policy issued by Travelers, the roof was damaged by a hail storm on April 19, 2023, the damage was covered under the insurance policy, and Travelers unreasonably denied Plaintiffs' insurance claim. The Complaint further alleges that Travelers "intentionally ignored and disregarded obvious hail damage," ignored weather data submitted by Plaintiffs that "clearly established that this damage was caused by the April 19, 2023 hail storm," and denied payment "intentionally and in an attempt to save money on Plaintiffs' claim."

1

Compl. [Doc. No. 1] ¶¶14, 16. Travelers contends these allegations are conclusory and provide an insufficient factual basis for Plaintiffs' breach of contract and bad faith claims.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation and citation omitted). This requires "more than labels and conclusions," but a complaint "does not need detailed factual allegations." *Id.* (internal citation omitted). Rather, to survive a motion to dismiss under Rule 12(b)(6), a pleading must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Importantly, "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context[.]" *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). At the pleading stage, all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Applying this standard, the Court concludes that Plaintiffs' complaint includes sufficient factual content in support of their claims. Plaintiffs allege they maintained an insurance policy providing coverage for hail damage and Travelers breached the policy by denying their claim for hail damage from a storm occurring on April 19, 2023. Although

admittedly concise, these allegations are sufficient to state a plausible breach of contract claim and to give fair notice to Travelers of the nature of the claim.

Whether the Complaint states a plausible bad faith claim is a closer call. Under Oklahoma law, "[t]he essence of the intentional tort of bad faith with regard to the insurance industry is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy." *McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981). Plaintiffs allege that Travelers intentionally ignored obvious damage to the roof and ignored weather data establishing that the damage was caused by a hail storm. Construed in Plaintiffs' favor, these allegations suggest more than a dispute as to coverage and are sufficient to raise a plausible inference that Travelers acted unreasonably when evaluating Plaintiff's claim. In contrast to the case cited by Travelers, which involved general allegations of bad faith conduct or conclusory statements without supporting factual content, Plaintiffs have identified and described the specific actions taken by the insurer that form the basis of their bad faith claim. Although the factual content is somewhat sparse, the allegations are minimally sufficient to state a plausible bad faith claim. *See Le v. State Farm Fire & Cas. Co.*, No. CIV-23-380-SLP, 2023 WL 7393126, at *3 (W.D. Okla. Nov. 8, 2023) (finding plausible bad faith where plaintiff alleged that the insurer "insisted on a partial roof repair and refused to consider evidence that a total roof replacement was necessary"); *Lang v. Farmers Ins. Co.*, Inc., No. CIV-17-919-D, 2017 WL 11296959, at *1-2 (W.D. Okla. Oct. 24, 2017) (finding plausible bad faith claim where plaintiff alleged that insurer "disregarded obvious hail damage to Plaintiffs' roofing system and failed to consider the hail damage to Plaintiffs' roof as a whole").

Travelers also seeks dismissal of Plaintiffs' request for punitive damages for failure to state a claim. However, because a request for punitive damages constitutes a prayer for relief as opposed to a separate cause of action, "whether such damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion." *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012). *See also Bros. v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, No. CIV-21-418-SLP, 2022 WL 20686898, at *7 (W.D. Okla. Mar. 30, 2022) ("Turn Key's Motion is denied as to the issue of punitive damages; dismissing Plaintiff's request for a particular remedy is inappropriate at this stage of the proceedings."); *Sab One, Inc. v. Travelers Indem. Co. of Connecticut*, No. CIV-14-1089-R, 2014 WL 6687310, at *1 (W.D. Okla. Nov. 26, 2014) ("Moreover, punitive damages are a remedy, not a claim subject to dismissal.").

Accordingly, as set out above, Travelers Personal Insurance Company's Motion to Dismiss [Doc. No. 9] is DENIED.

IT IS SO ORDERED this 16th day of April, 2024.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE